UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEN JORDAN AND SCOTT KIRKLAND
collectively p/k/a THE CRYSTAL METHOD,

|                                      |                        |
|--------------------------------------|------------------------|
| Plaintiff,                           | 07 Civ. 06131 (LAP)    |
| - against -                          | **ANSWER**             |

SHERIDAN SQUARE ENTERTAINMENT, INC.,
f/k/a "V2 RECORDS" and VRNA LLC.,

Defendants.
------------------------------------------------------------------X

Defendants, SHERIDAN SQUARE ENTERTAINMENT, INC., ("SSE")

f/k/a "V2 RECORDS"[1] and VRNA LLC. (VRNA), by its attorneys, Meier Franzino &

Scher, LLP, for their Answer to the First Amended Complaint herein, respectfully allege:

1.      Deny each and every allegation contained in Paragraph 1 of the First
Amended Complaint.

2.      Deny each and every allegation contained in Paragraph 2 of the First
Amended Complaint except that plaintiffs purport that this Court has jurisdiction under 28
U.S.C. §1332 and 28 U.S.C. §1331.

3.      Deny knowledge or information sufficient to form a belief as to the truth of
the allegations contained in Paragraph 3 of the First Amended Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of
the allegations contained in Paragraph 4 of the First Amended Complaint.

5.      Admit each and every allegation contained in Paragraph 5 of the First
Amended Complaint, except that defendant, SSE's principal place of business is 210 25th
Avenue North, Suite 1200, Nashville, TN 37203.

---

[1] Sheridan Square Entertainment, Inc., is incorrectly sued as f/k/a "V2 Records"

1

6.     Admit each and every allegation contained in Paragraph 5 of the First Amended Complaint, except that defendant, VRNA's principle place of business is 210 25th Avenue North, Suite 1200, Nashville, TN 37203.

7.     Admit each and every allegation contained in Paragraph 6 of the First Amended Complaint.

8.     Deny each and every allegation contained in Paragraph 8 of the First Amended Complaint.

9.     Deny each and every allegation contained in Paragraph 9 of the First Amended Complaint except admit that SSE is a corporation organized and existing under the laws of the State of Delaware and that SSE is currently an active corporation.

10.    Deny each and every allegation contained in Paragraph 10 of the First Amended Complaint.

11.    Deny each and every allegation contained in Paragraph 11 of the First Amended Complaint.

12.    Admit each and every allegation contained in Paragraph 12 of the First Amended Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint.

**SSE AND VRNA VANSWERING THE FIRST
CLAIM INSOFAR AS IT PERTAINS TO THE CONDUCT
OR KNOWLEDGE OF SSE AND VRNA**

26.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 25 above insofar as it pertains to the conduct or knowledge of SSE or VNRA.

27.     Deny each and every allegation contained in Paragraph 27 of the First Amended Complaint, except refer the Court to the Agreement set forth in the First Amended Complaint.

28.     Upon information and belief, admit the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     Upon information and belief, admit the allegations contained in Paragraph 29 of the First Amended Complaint.

30.     Deny each and every allegation contained in Paragraph 30 of the First Amended Complaint.

31.     Deny each and every allegation contained in Paragraph 31 of the First Amended Complaint except refer the Court to the Agreement set forth in the First Amended Complaint.

32.     Deny each and every allegation contained in Paragraph 32 of the First Amended Complaint except refer the Court to the Agreement set forth in the First Amended Complaint.

33.     Upon information and belief, admit the allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Deny each and every allegation contained in Paragraph 34 of the First Amended Complaint.

35.     Deny each and every allegation contained in Paragraph 35 of the First Amended Complaint.

## SSE AND VRNA VANSWERING THE SECOND
## CLAIM INSOFAR AS IT PERTAINS TO THE
## CONDUCT OR KNOWLEDGE OF SSE AND VRNA

36.     Repeats and realleges each and every allegation contained in Paragraphs 1 through 35 above insofar as it pertains to the conduct or knowledge of SSE or VNRA.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the First Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the First Amended Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the First Amended Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the First Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the First Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the First Amended Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the First Amended Complaint.

44.     Deny each and every allegation contained in Paragraph 44 of the First Amended Complaint.

45.     Deny each and every allegation contained in Paragraph 45 of the First Amended Complaint except admit that defendant continued to perform under the agreement.

46.     Deny each and every allegation contained in Paragraph 46 of the First Amended Complaint.

47.     Deny each and every allegation contained in Paragraph 47 of the First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1)     The First Amended Complaint fails to state a claim as against SSE.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2)     The First Amended Complaint fails to state a claim as against VNRA.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3)     The plaintiffs' ability to recover against defendants is precluded and/or limited by the doctrine of accord and satisfaction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4)     The plaintiffs' ability to recover against defendants is precluded and/or limited by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5)     The plaintiffs' ability to recover against defendants is precluded and/or limited by the doctrine of release.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6)     The plaintiffs' complaint is barred by the doctrines of collateral estoppel and/or res judicata.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7)     The plaintiffs' complaint is barred under General Obligations Law 15-108.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

8)     There is no privity of contract between plaintiffs and VNRA.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9)     There is no privity of contract between plaintiffs and SSE.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10)     By its conduct and knowledge, plaintiffs have waived any of its rights to collect monies directly from SSE and VRNA and are estopped from maintaining this action.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11)     The Amended Complaint fails to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

WHEREFORE, defendants SSE and VRNA demand judgment as follows:

1.     Dismissing the First Amended Complaint as to each said defendant;

2.     Costs, disbursements and attorneys' fees.

Dated: New York, New York
       October 10, 2007

MEIER FRANZINO & SCHER, LLP

By _____
     Tinamarie Franzoni (TF0713)
     Steven K. Meier (SKM 1609)
     570 Lexington Avenue, 26th Floor
     New York, New York 10022
     (212) 759-9770
     Attorneys for Defendants

7

To:     TROUTMAN SANDERS, LLP
        Oren J Warshavsky, Esq. (OW9469)
        Attorneys for Plaintiffs
        The Chrysler Building
        405 Lexington Avenue
        New York, New York
        (212) 704-6213

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KEN JORDAN AND SCOTT KIRKLAND
collectively p/k/a THE CRYSTAL METHOD,

                           Plaintiff,                         07 Civ. 06131 (LAP)

       - against -

SHERIDAN SQUARE ENTERTAINMENT, INC.,
f/k/a "V2 RECORDS" and VRNA LLC.,

                          Defendants.
-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 11, 2007, she caused defendants Sheridan Square Entertainment, Inc., f/k/a "V2 Records" and VRNA LLC.'s Answer to the First Amended Complaint to be served on the individuals listed below in the manner indicated:

### FIRST CLASS MAIL

TROUTMAN SANDERS, LLP
Oren J Warshavsky, Esq. (OW9469)
Attorneys for Plaintiffs
The Chrysler Building
405 Lexington Avenue
New York, New York

Tinamarie Franzoni

Dated: New York, New York
       October 11, 2007